UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SPILT; and TIFFANY SPILT,<br><br>           Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA; et al.,<br><br>           Defendants. | No. 2:12-CV-00536-TLN-CMK<br><br><br>**ORDER** |

This matter is before the Court on Plaintiffs Ryan Spilt and wife Tiffany Spilt's (collectively referred to as "Plaintiffs") Motion to Dismiss Defendant United States of America's ("Defendant USA") Counterclaim Against Plaintiff Ryan Spilt. (ECF No. 55.) Defendant USA opposes this motion. (Opp'n Mot. Dismiss, ECF No. 59.) For reasons set forth below, Plaintiffs' motion is GRANTED.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are U.S. citizens living in Cottonwood, California. (First Am. Compl. ("FAC"), ECF No. 24 at ¶ 3.) This litigation stems from a recreational boating accident on the Sacramento

---

[1] This matter was submitted without oral argument on July 8, 2013. (Minute Order, ECF No. 61.); see also E.D. Cal. L.R. 230(g).

River in the County of Tehama, California.  Plaintiffs allege the following.  On April 1, 2010, Plaintiff Ryan Spilt was a passenger in a boat owned and operated by Defendant Jeffrey John Alvernaz ("Defendant Alvernaz").[2]  (ECF No. 24 at ¶ 18.)  Approximately 600 feet north of the Red Bluff Diversion Dam the boat abruptly struck a hidden and submerged I-beam.  (ECF No. 24 at ¶ 18.)  The boat briefly jammed against the beam, throwing Plaintiff Ryan Spilt about the interior of the boat and ultimately into the water.  (ECF No. 24 at ¶ 18; ECF No. 55 at 2.)  After Plaintiff Ryan Spilt was pulled back into the boat, the boat suddenly dislodged and forcefully crashed into the dam.  (ECF No. 24 at ¶ 18; ECF No. 55 at 2.)  As a result, Plaintiff Ryan Spilt sustained severe injuries to his leg and back that required surgical repair and other medical attention.  (ECF No. 24 at ¶ 18.)

On March 7, 2011, Plaintiffs sent a *Claim for Damage, Injury or Death* to Defendant USA for injuries and damages sustained during the accident.  (Exhibit to First Am. Compl., ECF No. 24-1 at 2–11.)  On January 25, 2012, Defendant USA denied Plaintiffs' claims, stating that Plaintiffs failed to disclose any factual or legal basis to support a finding that the United States was responsible for the accident.  (ECF No. 24-1 at 13.)

Plaintiffs filed their original complaint on February 29, 2012.  (Compl., ECF No. 1.) After being granted leave to amend, Plaintiffs filed the FAC on September 21, 2012.  (ECF No. 24.)  Pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, Plaintiff Ryan Spilt alleges the following claims: (1) Defendant USA negligently constructed and maintained the submerged I-beam; and (2) Defendant USA constructed and maintained the site of the accident in a dangerous condition.  Plaintiff Tiffany Spilt also alleges a loss of consortium claim against Defendant USA due to injuries sustained by her husband.[3]  (ECF No. 24 at ¶¶ 1, 22–43.)

Defendant USA filed its answer to the FAC on October 19, 2012 (Answer to First Am. Compl., ECF No. 27.)  On March 25, 2013, Plaintiffs and Defendant USA stipulated that Defendant USA could amend its answer to the FAC.  (Joint Stipulation to Permit Def. to Amend

---

[2] Plaintiff Tiffany Spilt was not a passenger on the boat at the time of this accident.  (ECF No. 24 at ¶ 18, 43.)
[3] Plaintiffs also allege claims against Defendant Alvernaz and other corporate actors named in the FAC.  These claims are not detailed here because they are not relevant to the disposition of this pending motion.

its Answer ("Joint Stipulation"), ECF No. 48.)  On April 15, 2013, Defendant USA filed an amended answer that included a counterclaim against Plaintiff Ryan Spilt for equitable indemnity on Plaintiff Tiffany Spilt's loss of consortium claim.  (Def.'s Am. Answer to First Am. Compl., ECF No. 53.)

Plaintiffs filed the pending motion to dismiss Defendant USA's counterclaim against Plaintiff Ryan Spilt on April 18, 2013.  (ECF No. 55.)  Plaintiffs argue that the Joint Stipulation did not permit Defendant USA to include a counterclaim not previously brought in Defendant USA's answer to the FAC, and that the counterclaim fails to state a plausible claim against Plaintiff Ryan Spilt.  (ECF No. 55 at 2–5.)

**STANDARD**

Courts evaluate a 12(b)(6) motion to dismiss a counterclaim under the same standard as a motion to dismiss a complaint.  Oracle Am., Inc. v. CedarCrestone, Inc., 12-CV-04626 (NC), 2013 WL 1365942, at *5 (N.D. Cal. Apr. 3, 2013); see also Fed. R. Civ. P. 8.  Thus, this Court must determine whether the counterclaim's factual allegations, together with all reasonable inferences, state a plausible claim for relief.  Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  The factual allegations presented must be more than speculative in order to raise a right to relief. Twombly, 550 U.S. at 555 (internal citations and parentheticals omitted).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted).  However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  Id. (citation and internal quotation marks omitted); see also Iqbal, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do.'" (quoting Twombly, 550 U.S. at 555)).

**ANALYSIS**

Plaintiffs move to dismiss Defendant USA's counterclaim, arguing that under California law, a defendant cannot indemnify a plaintiff's spouse on a loss of consortium claim. (ECF No. 55 at 3–5.) In support, Plaintiffs cite General Motors Corporation v. Doupnik, 1 F.3d 862, 866 (9th Cir. 1993), holding that a defendant cannot indemnify a spouse because the plaintiff "does not have a legal cause of action against him for her loss of consortium injury."

In Doupnik, the defendant sought to indemnify the plaintiff's husband after she won a $1.6 million loss of consortium award in state court. Id. at 864. The defendant argued that because the state trial court found the plaintiff's husband 80% liable for the accident, the defendant had a right to indemnify him for 80% of the plaintiff's loss of consortium award. Id. at 865. The district court agreed, however, the Ninth Circuit reversed and held that third-party tortfeasors cannot indemnify a spouse in a loss of consortium claim. Id. at 866. "California law permits a concurrent tortfeasor to obtain equitable indemnity only from another concurrent tortfeasor." Id. (internal citations omitted). A right to indemnify exists only if the injured party has a claim against both the indemnitor and the indemnitee. Id. "[T]he California Supreme Court has recognized a loss of consortium cause of action only when brought against a third-party tortfeasor, not against the spouse who suffered the physical injuries that caused the loss of consortium injury. . . ." Id. (emphasis in original) (internal citations omitted). As a result, the court found that even though the husband's negligence contributed to the accident, the defendant could not indemnify him because he was not a tortfeasor with respect to his wife's loss of consortium claim. Id.

Defendant USA argues that an immunity based upon state law does not foreclose an indemnity action against Plaintiff Ryan Spilt under general maritime law, and that "[u]nder substantive admiralty law, one tortfeasor may seek indemnity and/or contribution from another joint tortfeasor regardless of any immunity the other tortfeasor may have as regards the injured party." (ECF No. 59 at 1, 4.) Despite Defendant USA's assertions, the cases it relies upon,

Weyerhaeuser S.S. Co. v. United States, 372 U.S. 597 (1963) and Central Rivers Towing, Inc. v. City of Beardstown, Ill., 750 F.2d 565 (7th Cir. 1984), are not on point because they discuss whether one tortfeasor may seek indemnity or contribution from another joint tortfeasor.

In Weyerhaeuser, the Supreme Court found that contribution from a U.S. vessel was appropriate after an injured seaman settled with petitioner Weyerhaeuser on a negligence claim. Weyerhaeuser, 372 U.S. at 599–600. The defendant argued that since it would have been immune from liability for worker's compensation claims via the Federal Employee Compensation Act ("FECA"), petitioner could not indemnify it or seek contribution on the seaman's claim. See id. at 600. The Supreme Court disagreed and held that despite statutory immunity on the FECA claim, petitioner could recover from the defendant because it was mutually at-fault for the seaman's negligence claim. Id. at 603.

Similarly, in Central Rivers, the Seventh Circuit found that one defendant could indemnify another because of their mutual negligence in marking the location of a submerged pier. Cent. Rivers, 750 F.2d at 572. The court held that even though the statute of limitations had expired on the original claim, the defendant maintained its right to indemnify a third-party because the statute of limitations to indemnify only begins to run after a final judgment or payment to the original plaintiff. Id. (original citations omitted). The court thus found that because both defendants were partially liable for the accident, one defendant could indemnify the other for the negligence claim. Id. at 575–76.

Under both general maritime and California law, Defendant USA fails to state a claim for indemnification against Plaintiff Ryan Spilt. Both cases cited by Defendant USA support the general idea that indemnity or contribution under general maritime law rests upon a finding of concurrent fault. See Weyerhaeuser, 372 U.S. at 603; Cent. Rivers, 750 F.2d at 572; see also Cooper Stevedoring Co. v. Fritz Kopke, Inc., 417 U.S. 106, 115 (1974); Hunley v. Ace Mar. Corp., 927 F.2d 493, 496 (9th Cir. 1991). Under the Ninth Circuit's precedent, Plaintiff Tiffany Spilt can only maintain loss of consortium claims against third-party tortfeasors. Doupnik, 1 F.3d at 866. She cannot pursue a loss of consortium claim against her spouse because he cannot be

considered a joint tortfeasor on that claim.  Id.  As such, even if the Court finds Plaintiff Ryan Spilt partially liable for the accident, Defendant USA cannot indemnify him for Plaintiff Tiffany Spilt's loss of consortium claim.[4]

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Dismiss Defendant USA's Counterclaim Against Plaintiff Ryan Spilt (ECF No. 55) is GRANTED.

**IT IS SO ORDERED.**

Dated:  August 2, 2013

Troy L. Nunley
United States District Judge

---

[4] Plaintiffs also allege that Defendant USA improperly included a counterclaim in its amended answer because it was not permitted by the Joint Stipulation. (ECF No. 55.)  The Court did not reach Plaintiffs' arguments on this procedural issue because the Court decided Plaintiffs' motion on other grounds.